2018 WI 8

# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2017AP1255-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Michael Leslie Cummings, Attorney at Law: |

Office of Lawyer Regulation,
             Complainant,
        v.
Michael Leslie Cummings,
             Respondent.

---

DISCIPLINARY PROCEEDINGS AGAINST CUMMINGS

---

| | |
|---|---|
| OPINION FILED: | January 19, 2018 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

Attorney Cummings has not practiced law in the State of Wisconsin, we determine that it is not necessary to impose conditions on Attorney Cummings' reinstatement, as the Office of Lawyer Regulation (OLR) requests. We further agree with the OLR that no costs should be imposed in this matter.

¶3 Attorney Cummings was admitted to practice law in Wisconsin in 1980 and in Illinois in 1979. He practices in Illinois. In Wisconsin his disciplinary history consists of a private reprimand in 1990.

¶4 On June 26, 2017, the OLR filed a complaint against Attorney Cummings, pursuant to Supreme Court Rule (SCR) 22.22,[1] alleging that based on the misconduct that was the

---

[1] SCR 22.22 provides, as relevant:

Reciprocal discipline.

(1) An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct.

(2) Upon the receipt of a certified copy of a judgment or order of another jurisdiction imposing discipline for misconduct or a license suspension for medical incapacity of an

Attorney Cummings has not contested the OLR's complaint and there has not been a need for the appointment of a referee, we do not impose the costs of this proceeding on Attorney Cummings.

¶3   The Office of Lawyer Regulation (OLR) initiated this proceeding by filing a complaint, an order to answer, and a motion pursuant to Supreme Court Rule (SCR) 22.22(3),[1] requesting the court to order Attorney Cummings to show cause, in writing, why the imposition of discipline identical to that imposed in Illinois would be unwarranted.   The OLR's complaint contained two counts:   (1) that Attorney Cummings is subject to discipline reciprocal to a six-month suspension in Illinois and (2) that Attorney Cummings had violated SCR 22.22(1)[2] by failing to notify

---

[1] SCR 22.22(3) provides the supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

[2] SCR 22.22(1) provides:

An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the

(continued)

the OLR of the Illinois suspension. This court issued the requested order to show cause, but Attorney Cummings did not file a response. He also has not filed an answer or other response to the OLR's complaint. Accordingly, we proceed with the resolution of this matter pursuant to SCR 22.22(3).

¶4 Attorney Cummings was admitted to the practice of law in Illinois in 1995. He was also admitted to the practice of law in this state in November 1997. According to the Illinois disciplinary materials attached to the OLR's complaint, Attorney Cummings had been practicing law as an associate attorney at a law firm in Highland Park, Illinois, at the time of the underlying events, but he was unemployed as of early 2017.

¶5 Prior to this proceeding, Attorney Cummings has not been the subject of professional discipline in this state. His license to practice law in Wisconsin, however, has been administratively suspended since October 2000 for failure to pay mandatory bar dues and supreme court assessments.

¶6 According to the Illinois disciplinary records, the Illinois license suspension arose out of a mechanic's lien matter that was assigned to Attorney Cummings by the firm at which he worked. Specifically, in May 2014 Attorney Cummings was directed to have a mechanic's lien prepared and recorded on behalf of a client that was a subcontractor on a multi-unit residential construction project in Campbell County, Kentucky.

order or judgment of the other jurisdiction constitutes misconduct.

3

Because Attorney Cummings was not licensed to practice law in Kentucky, he contacted a Kentucky lawyer to handle the matter. Attorney Cummings was supposed to provide that lawyer with the information necessary for the lawyer to prepare and record the mechanic's lien. In order for the subcontractor's lien to be valid under Kentucky law, the subcontractor was required to provide to the property owner notice of its intent to record the mechanic's lien against the property on or before August 12, 2014. As of that date, however, Attorney Cummings had not provided the necessary information to the Kentucky lawyer so no such notice was given.

¶7 At some point between August 12 and 21, 2014, Attorney Cummings fabricated a document that purported to be a mechanic's lien that had been recorded in Campbell County, Kentucky, on behalf of the subcontractor. Attorney Cummings delivered the fraudulent lien to the client and falsely represented that it had been properly recorded.

¶8 The client soon discovered that Attorney Cummings' mechanic's lien was fraudulent and that no mechanic's lien had been recorded on its behalf. The client sued both Attorney Cummings and his law firm in December 2015. In February 2016 the law firm terminated Attorney Cummings' employment. In May 2016 Attorney Cummings paid a settlement to the now former client.

¶9 The Illinois Attorney Registration and Disciplinary Commission (ARDC) filed a disciplinary petition regarding the mechanic's lien matter, alleging that Attorney Cummings had

4

failed to act with reasonable diligence, in violation of Rule 1.3 of the Illinois Rules of Professional Conduct (IRPC); had failed to keep his client reasonably informed about the status of the lien matter, in violation of IRPC 1.4(a)(3); and had engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of IRPC 8.4(c). Based on a number of Illinois disciplinary precedents and consideration of both aggravating and mitigating factors, including Attorney Cummings' remorse for his misconduct, the ARDC requested a six-month suspension. Attorney Cummings admitted the assertions in the ARDC's petition and consented to the imposition of a six-month suspension. The Supreme Court of Illinois ultimately imposed the requested six-month suspension.

¶10 Supreme Court Rule 22.22(3) provides that this court "shall impose the identical discipline or license suspension" unless one or more of the three listed exceptions apply. Attorney Cummings has not filed any response to the OLR's complaint or to this court's order, alleging that any exception applies. Our own review of the matter leads us to conclude that none apply. Accordingly, we conclude that the imposition of a six-month suspension of Attorney Cummings' license to practice law in Wisconsin, as reciprocal discipline, is warranted.

¶11 IT IS ORDERED that the license of Michael Leslie Cummings to practice law in Wisconsin is suspended for a period of six months, effective the date of this order.

¶12 IT IS FURTHER ORDERED that Michael Leslie Cummings shall comply with the provisions of SCR 22.26 concerning the

5

duties of a person whose license to practice law in Wisconsin has been suspended.

¶13 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement from the suspension imposed herein.[3]

---

[3] In addition to obtaining reinstatement from the disciplinary suspension imposed by this order, before he is able to practice law in Wisconsin, Attorney Cummings will also be required to complete the procedures for reinstatement from the administrative suspension currently in effect for failure to pay applicable bar dues and supreme court assessments.